■ KENNETH DIMON, Appellant, v. NEWARK INSURANCE COMPANY, Respondent.— Appeal from a judgment of the Supreme Court, Chemung County, entered upon a decision of the court at Trial Term, dismissing plaintiff's complaint at the close of his case. Plaintiff, a common carrier, engaged to haul an 18-ton plastic molding machine from Cincinnati to Elmira Heights, had his truck tip over during transit severely ·damaging the machine. The sole question at issue in the present litigation is whether the machine was a "household good" and thus covered under a policy of insurance written by respondent. The trial court held that it was not and we agree. The policy provides that "household goods" includes "equipment" of "establishments" and articles of "unusual nature or value requir[ing] specialized handling" and plaintiff urges that the machine here involved falls into one or both of these categories. We find no merit in these contentions. As the trial court noted, even if the machine were considered *arguendo* "equipment" and the words "other establishment" included the purchaser's factory, there would be no coverage because the equipment was not being moved by its owner from one business location or another but rather was being transported as an incident to a sale between a seller and buyer. Moreover, we also agree with the trial court that the term "other ·establishments" as used in the policy would not include plaintiff's factory since to do so would make meaningless the specific categories of establishments contained in the contract and "also requires an interpretation, clearly not intended, that 'household goods' encompass all, rather than merely some, kinds of heavy machinery." Finally we concur with the trial court that, while the huge machine had a value of $51,000, it was not an article of "unusual nature or value" requiring special handling as was meant by the policy which would rather cover

primarily such things as antiques, works of art, etc. And, in any event, it is conceded that no specialized instructions had been provided for the handling of the instant machine. Thus, since we find no merit in any of the additional contentions raised by the plaintiff, the judgment should accordingly be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.